***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times an employee/employer relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage is $294.00.
4. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
 ***********
Based upon all of the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff began her employment with defendant-employer in 1993. She began working the second shift in defendant-employer's hatchery in September 1996.
2. Plaintiff's second shift job duties included recording temperatures of the egg incubators every two hours, rolling the eggs and cleaning the hatchery. Plaintiff also had to enter the hatchery rooms to check on the incubators when alarms sounded indicating high temperatures, which occurred more often during the summer months due to warmer temperatures.
3. Approximately one month after plaintiff began her employment, defendant-employer started using formaldehyde as a disinfectant in the hatchery during the second shift. Once or twice a month, pans containing formaldehyde were placed in the rooms where the incubator machines were housed and the gas was released into the atmosphere through the process of evaporation. The pans of formaldehyde were not used during the first shift.
4. A respiratory mask was provided for employees who worked in the hatcheries, but plaintiff testified that she only wore the mask sporadically. In Spring 1998, plaintiff was transferred out of the hatchery position and started working the first shift cleaning hatchers. At this time, plaintiff was no longer exposed to formaldehyde.
5. Plaintiff was diagnosed with asthma as early as 1993. Since 1993, plaintiff used inhalers on a regular basis and suffered from asthma attacks every six months to a year. Plaintiff also reported that she had a 20 year history of smoking approximately one pack of cigarettes per day.
6. On 9 October 1998, plaintiff experienced a severe asthma attack and presented to Chatham Hospital for treatment. She gave a history of six to seven years of asthma and claimed to have quit smoking for one week. On 12 October 1998, plaintiff presented to Dr. Eric Jon Kozlow, an expert in allergy and immunology, for a consult requested by plaintiff's primary care physician. Plaintiff had severe asthma at that time, and gave a history of severe asthma over many years. Dr. Kozlow noted that plaintiff had very severe obstructive lung disease with hypoxemia despite very aggressive treatment, including the chronic administration of systemic steroids and occasional supplemental oxygen, which puts her in a category of asthmatics that is probably less than one percent of all asthmatics in the country.
7. Dr. Kozlow opined that plaintiff had a number of contributing factors giving rise to her obstructive lung disease, including smoking for an extensive period of time, components of true hyperresponsive bronchospastic lung disease and reflux induced respiratory disease. He noted that plaintiff had "exposure to a fair degree of dust and molds and formaldahide [sic] when she was working at the food processing plant," but that it would be "almost impossible to prove the extent to which this occupational exposure was responsible for her current condition."
8. Dr. Kozlow's impression of plaintiff's exposure to dust, molds and formaldehyde at work was based solely upon plaintiff's statements to him. Dr. Kozlow stated that he had no information regarding what, if any, actual exposure to formaldehyde plaintiff might have had. There is no evidence presented as to the level of dust, mold or formaldehyde present at plaintiff's work or that these levels exceeded OSHA standards. Further, there is insufficient evidence regarding plaintiff's exposure to these substances while at work. Dr. Kozlow also stated that although plaintiff's asthma worsened around the time that she was working for defendant-employer, "cause-effect can't really be established."
9. Plaintiff has not proven based on the greater weight of the evidence that her asthma and other respiratory problems were caused by or significantly aggravated by her employment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to qualify for compensation for an occupational disease under the Act, plaintiff must show (1) that the disease is characteristic of her trade or occupation; (2) that the disease is not an ordinary disease of life to which the general public is equally exposed; and (3) that there is a causal connection between the disease and the employment. Hansel v. Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101
(1981).
2. In the instant case, plaintiff has failed to prove by the greater weight of the evidence that she has contracted a compensable occupational disease. There is insufficient medical and other evidence from which to find and conclude that there is a causal connection between plaintiff's long term asthmatic condition and her employment with defendant-employer. There is insufficient evidence on what, if any, exposure plaintiff may have had with dust, molds or formaldehyde while employed by defendant-employer, or evidence that such exposures, if any, aggravated her condition. For these reasons, plaintiff is not eligible for compensation under the Act. N.C. Gen. Stat. § 97-53.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. The parties shall pay their own costs of this action.
This the ___ day of February, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER